STATE v. STEVENS.

Opinion delivered July 9, 1923.

1. PROHIBITION—ERRORS IN EXERCISE OF JURISDICTION.—Where suit was brought in chancery against a corporation, and the corporation was brought into court by what purported to be valid service, failure of the court to rule upon the corporation's motion to quash the service on the ground that the corporation had been dissolved will not sustain a writ of prohibition, the remedy in such case being by appeal.

2. PROHIBITION—PLEADING SHOWING JURISDICTION.—Where there are allegations in a complaint setting forth facts upon which the jurisdiction of the court may properly be based, the right of the court to exercise jurisdiction cannot be challenged by a writ of prohibition.

Prohibition to Calhoun Chancery Court; J. Y. Stevens, Chancellor; writ denied.

J. S. McKnight and Neuhoff & Millar, for petitioners.

1. Prohibition will lie to prevent an inferior court from wrongfully usurping or exercising jurisdiction over

the subject-matter or the person, when such jurisdiction is not vested in it by law. 152 Ark. 321, 238 S. W. 72; 149 Ark. 237, 232 S. W. 609; 115 Ark. 317, 171 S. W. 472; 145 Ark. 540, 224 S. W. 958; 144 Ark. 169, 222 S. W. 59; 32 Cyc. 605, § 2; Bailey on Extraordinary Legal Remedies, vol. 2, p. 1405; High, Extraordinary Legal Remedies, 3d ed., 805.          ,

2.   The chancery court lacks jurisdiction: (a) Over the purported Calion Land and Lumber Company, an alleged Arkansas corporation. 14 C. J. 325; 5 N. H. 446; 84 Tex. 21, 19 S. W. 300. (b) Over the Calion Land and Lumber Company, a Missouri corporation, it having withdrawn from Arkansas and ceased to do business therein. 150 Fed. 666, 670, 671; 251 U. S. 373, 378; 116 Fed. 357, 358; 193 Fed. 492; 124 Fed. 259, 262; 105 Washington 98, 177 Pac. 692. Arkansas courts have no jurisdiction over a Missouri corporation duly dissolved under the laws of its domicile. (a)   In the absence of statutory provisions to the contrary, a corporation can neither sue nor be sued after it is dissolved.   14a Corpus Juris § 3892 and cases cited, note 9, p. 1200; 14a Corpus Juris, § 5048, p. 1350; 8 Fletcher, Cyc. Corporations, § 5601, p. 9197 and cases cited under note 72; 268 Mo. 394, 404; 150 Cal. 580.   (b) A corporation dissolved under the laws of the State which created it, is defunct in all other States, and its dissolution is binding everywhere.   8 Fletcher, Cyc. Corporations, § 5606, note 92; *Id.*, vol. 8, § 5810, p. 9702, and cases cited under note 15; 74 Fed. 525; 130 Ala. 413, 30 So. 374; 185 Mass. 500; 70 N. E. 1022, 34 App. Cas. (D. C.) 553; 225 U. S. 698.   (c) Power of a corporation to sue or be sued after dissolution in the State of its domicile is governed by the law of its domicile, not by that of the State where the suit is commenced.   8 Fletcher, Cyc. Corporations, § 5811, p. 9708; 197 Fed. 257; 216 N. Y. 183; 110 N. E. 502; 96 N. E. 415; 95 Wash. 477; L. R. A., 1917-D, 1033.   (d) Action against a dissolved Missouri corporation must be brought against the former officers and directors as trustees. Rev.

Stat. Mo., 1919, § 9755; 268 Mo. 394; 150 Cal. 575, 89 Pac. 335; 30 Cal. App. 11, 156 Pac. 972.

3. Failure to relinquish jurisdiction is tantamount to overuling the objections to it. 149 Ark. 237, 323 S. W. 609; 144 Ark. 169, 222 S. W. 59.

4. The existence of another remedy will not bar prohibition where the other remedy is inadequate under the circumstances. 144 Ark. 169, 222 S. W. 59, 60; 97 Wash. 358, L. R. A. 1917-F, 905; 166 Ky. 622, A. L. R. 603, 607; 84 Ark. 573; 174 Wis. 140, 182 N. W. 917.

5. Prohibition lies against a court attempting to exercise jurisdiction over a corporation on service which is invalid. 174 Wis. 140, 182 N. W. 917; 52 W. Va. 450.

*Wilson & Martin,* for respondents.

The petition is premature, and should be denied.

McCulloch, C. J. The relators, Charles E. Thomas and Charles H. Proetz, allege that they were stockholders in, and officers of, the Calion Land and Lumber Company, a Missouri corporation, now dissolved, and they filed their petition here for a writ of prohibition to prevent the chancery court of Columbia County from proceeding against said corporation in a certain action pending in that court, instituted by the plaintiffs therein, who are the heirs at law of I. F. Langston, deceased.

The pleadings in the chancery court are set forth *in extenso* in the petition filed in this court, and it appears therefrom that the plaintiffs commenced the action in the chancery court of Columbia County asserting title to a certain tract of land by inheritance from their father, and asking that an accounting be had of timber removed from the land. that a certain mortgage executed by their father be canceled, and that their title be quieted. The defendants named in the complaint are the Freeman-Smith Lumber Company, a domestic corporation; the Calion Land and Lumber Company, also alleged to be a domestic corporation, and C. G. Fletcher.

It is alleged in the complaint that plaintiffs' ancestor executed a mortgage on the land in controversy

to one Bass to secure a debt of $100, and that Bass attempted to foreclose the mortgage, but that the foreclosure was void for certain reasons set forth in the complaint, and that the defendants claim title to the land, or interests therein, under this foreclosure. It is alleged that the defendants had cut valuable timber from the land, and there is a prayer for an accounting to ascertain the value of the timber so taken.

It is alleged that the Calion Land and Lumber Company is a corporation organized under the laws of the State of Arkansas, with its principal place of business at Calion, in Union County. Summons was issued and served, the return showing service on the Calion Land and Lumber Company at its place of business in the town of Calion.

The Calion Land and Lumber Company appeared specially in the chancery court by its attorney for the purpose of quashing the service, and filed a motion for that purpose, stating that it was not a domestic corporation, as alleged in the complaint, but that it was organized in the State of Missouri, and, after having entered the State of Arkansas for the purpose of doing business here, it had properly been dissolved in the State of Missouri, and had filed its certificate with the Secretary of State of Arkansas, withdrawing from this State.

This motion contains a statement that the chancery court was without jurisdiction of the corporation named, for the reason that it had been dissolved. It is alleged in the petition filed here that this motion was not passed upon by the court, but that, on the filing thereof, the plaintiffs filed an amendment to the complaint, alleging that the Calion Land and Lumber Company had, by proper deed, conveyed all of its land and other property, including its interest in the lands in controversy, to the Calion Lumber Company, a corporation organized under the laws of this State to take over the assets of the Calion Land and Lumber Company, and the prayer of the amendment was that the Calion Lumber Company be

made a defendant. The petition alleges that the court is about to proceed to an adjudication of the cause with the motion of the Calion Land and Lumber Company undisposed of, and that it is without jurisdiction to do so on account of the fact that the corporation had been dissolved.

It is clear that the relators have adopted an inappropriate remedy to raise the question concerning the correctness of the power of the chancery court to proceed against the Calion Land and Lumber Company. The jurisdiction of the court must, of course, be determined by the allegations of the complaint, and there is a distinct allegation that the Calion Land and Lumber Company is an Arkansas corporation doing business at Calion, Arkansas, and the corporation was brought into court by what purports to be valid service. The plea to the jurisdiction of the court, and the motion to quash, filed by the Calion Land and Lumber Company, raised the issue whether or not the corporation is defunct, and, if so, who had succeeded to its rights, but an erroneous ruling of the court on that motion, or a failure to rule, cannot be reached by a writ of prohibition. For an error made by the court in that respect, the remedy to obtain a review by this court is by appeal. *Brown & Hackney, Inc.,* v. *Stephenson,* 157 Ark. 470. The plaintiffs below are entitled to join as defendants in the action all parties who are alleged to be claiming interests, and, if the corporation named as one of the defendants has in fact been dissolved, that question must be raised by an appropriate plea in the chancery court. Where there are allegations in the complaint setting forth facts upon which the jurisdiction of the court may be properly based, the right of the court to exercise jurisdiction cannot be challenged by a writ of prohibition.

It follows therefore that the petition for prohibition must be denied, and it is so ordered.