MERCHANTS' & PLANTERS' BANK v. HAMMOCK.

Opinion delivered January 7, 1929.

750

*Joe S. Harris* and *Bridges & McGaughey,* for appellant.

*J. G. Williamson, Adrian Williamson, Lamar Williamson* and *John Baxter,* for appellee.

HART, C. J. (after stating the facts). The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Order of Railway Conductors of America* v. *Bandy, Judge,* 177 Ark. 694, 8 S. W. (2d) 448, and cases cited. It is well settled that, where the jurisdiction is disputable, the granting or refusal of the writ is discretionary. *American Casualty Co.* v. *Lea,* 56 Ark. 539, 20 S. W. 416; *Weaver* v. *Leatherman,* 66 Ark. 211, 49 S. W. 977; *Finley* v. *Moose,* 74 Ark. 217, 85 S. W. 238, 109 Am. St. Rep. 74; *State* v. *Stevens,* 159 Ark. 666, 252 S. W. 900.

In *Rush* v. *Denhart,* 138 Ky. 245, 127 S. W. 787, Ann. Cas. 1912A, 1199, the court said:

"If we should lay down the rule that application by original proceedings might be made to us to stay the hand of the inferior jurisdictions, whenever, in the opinion of counsel, the ruling was prejudicial, although it might not leave the complainant without adequate remedy, we would have much of our time occupied in the settlement of questions that could be brought before us in the regular way by appeal. Inferior courts would be obstructed in the hearing and disposal of cases, and much confusion and uncertainty would follow."

If the making of the Bank of Commerce of McGehee a party to the original action brought by the McGehee Special School District against the Merchants' & Planters' Bank and others was a fraud upon the jurisdiction of the court, then such chancery court would have the power to determine this fact. It is well settled that if the existence or non-existence of jurisdiction depends on contested facts which the inferior court is competent to inquire into and determine, a writ of prohibition will not be granted, although the superior court should be of the

opinion that the claims of fact had been wrongfully determined by the lower court, and, if rightly determined, would have ousted the jurisdiction. The chancery court in the original action had jurisdiction of the subject-matter, and it had jurisdiction to inquire into the fact whether the Bank of Commerce of McGehee had been fraudulently made a party for the purpose of giving the Desha Chancery Court jurisdiction in the premises. In this controversy we must take the cause of action as it was alleged by the school district in its original complaint; otherwise we would try the merits of the controversy for the purpose of determining whether or not we have power to try them. In other words, the contention now made by counsel for petitioners involved the whole merits of the plaintiffs' original case against petitioners. If the allegations were true, it would defeat the plaintiffs' complaint in the original case and should have been pleaded in bar in that case and evidence given under the general issue to sustain the plea.

That this view was at first taken by counsel for the petitioners is shown by the record in the original case, which is exhibited with their petition. This record comprises over 600 pages of typewritten matter. Numerous depositions were taken by both parties, and a decision had been actually rendered by the chancellor and announced to the parties. Nothing remained to be done except to enter the decree upon the records of the chancery court in accordance with the findings of the chancellor.

The response of the chancellor shows that all parties submitted to the jurisdiction of the court and agreed that he should take the case under advisement and render his decision in vacation. All the parties prepared written briefs in the case, and after the chancellor had made an exhaustive study of the case and had prepared and announced his written findings of fact, the present petition for a writ of prohibition was filed in this court. It is not plain that there was an absence of jurisdiction in the chancery court, for the question depended upon the

proof which should be made by them in the chancery court. If there was a joint liability on the part of the Merchants' & Planters' Bank and the Bank of Commerce of McGehee, the school district had a right to sue both of these parties and to establish its claim against the Bank of Commerce, notwithstanding its insolvency. It would have a right to do this in order to receive its *pro rata* share of the dividends from it as an insolvent bank under the winding-up proceedings by the State Bank Commissioner.

Since the circumstances and conditions surrounding the parties depend upon proof, we think the case is one in which to refuse the writ of prohibition would be a proper exercise of discretion. Therefore the petition for the writ of prohibition will be denied.