GAINSBURG *v.* DODGE, CHANCELLOR.

4-4621

Opinion delivered January 25, 1937.

*Charles Jacobson* and *Pat Mehaffy,* for petitioner.

*J. A. Tellier,* for respondent.

BAKER, J. The state of Arkansas upon the relation of the Attorney General filed a suit in the chancery

474

court of Pulaski county against B. Gainsburg residing at Harrisburg, Pennsylvania, against Dr. W. A. Carter of Little Rock, and Gus Blass Company, a corporation organized under the laws of the state of Arkansas. It is alleged that the suit was filed at the instance of the State Board of Optometry for the purpose of enjoining the defendants, Gainsburg, Carter and the Gus Blass Company, from operating a department of optometry in Gus Blass Company's department store in Little Rock.

It was alleged in that complaint that B. Gainsburg, the petitioner in this proceeding, is the owner of the equipment and merchandise in the optometry department of Gus Blass Company's store, and that the said Gainsburg is engaged jointly with Gus Blass Company and Dr. W. A. Carter in the practice of optometry. It is further alleged that the operations of the defendants are in violation of act 27 of the Acts of 1935 of the General Assembly of the state of Arkansas, under which act the State Optometry Board functions. The prayer of the complaint is to enjoin all defendants and restrain them from using the said equipment so belonging to Gainsburg, and from practicing optometry in the state of Arkansas.

The effect of the contract between Gainsburg, as first party, and Carter and Blass Company, as second parties is set out.

We are not particularly concerned with the effect of this contract, and think it is only necessary to say that according to the contract Gainsburg furnished equipment and stock of merchandise to be handled by Carter, a legally licensed optometrist, and, under certain conditions, Gus Blass Company would be entitled to a percentage of the profits derived from that department. There is nothing in the contract whereby Gainsburg was to render or perform any personal service or practice as an optometrist in this State, but that he would have whatever profits remained after paying the expenses, including salary of Dr. W. A. Carter and commissions due Gus Blass Company.

It is admitted, in fact, it is alleged in the state's suit, and proper affidavit is made showing that Gains-

burg is a nonresident of the state of Arkansas. The only remedy sought against him is an injunction to be issued by the chancery court upon constructive service, the publication of a warning order. Counsel for the state concede in the brief that an injunction is a proceeding *in personam,* and that it could not properly be issued and be made available against one not a resident of the state, and upon whom no service could be had except by warning order or some form of constructive notice.

Counsel urge that this prayer for an injunction is not conclusive as to the nature of the suit, but that it is the purpose and intent of the proceeding to prevent the illegal or unlawful use of Gainsburg's property, which use, it is alleged, is in violation of the act creating the Board of Optometry; that the proceeding is similar to that wherein the state is authorized to take charge of and lock a house wherein gambling or illegal sale of liquor, constituting a nuisance, takes place. It is argued that the proceeding which it has instituted would be wholly void as to Gainsburg, unless he be made a party, and it is alleged that the law provides for this form of service, and on that account the writ of prohibition prayed for in this action should not be awarded. Before this petition was filed praying for the writ of prohibition, a motion was filed by the petitioner here, Gainsburg, praying that the constructive service as to him be quashed. This motion was overruled.

Before proceeding to discuss the effect of this petition it should be stated that the matter of the proceeding against Carter and Gus Blass Company, as to its merits or propriety, or otherwise, is not in any respect an issue upon this hearing, and will in no manner, as we conceive, be settled or affected by what we say here.

The petition alleges that, since the denial of the motion to quash process, the chancery court will continue to exercise jurisdiction over him to some extent, although it is conceded that said court cannot issue an injunction.

Gainsburg's property has not been seized under attachment or by a receiver or any other process. The proceeding is not *in rem.*

It would, therefore, appear that, since his property is not to be affected by any decree that the chancery court might render, so far as the court may proceed against him, such proceeding must be *in personam.*

We think it may well be conceded that the chancery court has jurisdiction of the subject-matter of the litigation, and that there is no question in that regard presented.

May the court proceed under these circumstances to render a personal judgment of any kind against Gainsburg? True, if he had been properly served with summons he would be required to answer and let the matter proceed upon its merits.

We do not understand this to be a case wherein the court is proceeding in the erroneous exercise of jurisdiction. If that were the case, the remedy would be by appeal.

Since the respondent concedes that the prayer for an injunction, as against Gainsburg, the petitioner herein, is beyond the power of the court to grant, we are somewhat at a loss to know or determine what form of relief could be had against him, except the granting of some form of restraint affecting his right to contract or the right to use his property. Restraint, however, of that kind would be an injunction, though it might have a very narrow or limited scope. However much limitation upon the action of the court, there is still no authority to act.

The definition of an injunction is taken from High on Injunctions, Fourth Edition, § 1, page 2:

"A writ of injunction may be defined as a judicial process, operating *in personam,* and requiring the person to whom it is directed to do or refrain from doing a particular thing."

An order or decree of restraint in any respect without personal service would be in violation of § 6270 of Crawford & Moses' Digest, the effect of which is that no personal judgment shall be rendered as against any de-

fendant constructively summoned. That statute, however, is declaratory merely of the law that generally prevails, as we understand, in all jurisdictions of the United States.

Personal judgments are not rendered against non-residents who do not voluntarily submit to the jurisdiction of the court, and who are not personally served with process at the place, and substantially in the form and manner prescribed by law. 32 C. J., § 69, page 83, 50 C. J., § 115, page 502.

Many citations could be incorporated here as sustaining the text of the foregoing citation, but it is unnecessary to do so. We know of no opinion of any of the higher courts to the contrary. See, also, 21 R. C. L. p. 1284. The rule is different in proceedings affecting property, rather than personal rights. *McLaughlin* v. *McCrory*, 55 Ark. 442, 18 S. W. 762, 29 Am. St. Rep. 56.

The alleged fact that Gainsburg acted in concert with his two co-defendants makes no difference. The same proposition was presented in the case of *Pickett* v. *Ferguson*, 45 Ark. 177, 192, 55 Am. Rep. 545. It was there held that business relations with residents did not empower the court to reach over into another state and make a citizen there subject to the processes of domestic courts. High on Injunction, Vol. 1, page 49; Joyce on Injunctions, Vol. 1, page 144.

We also held in *Jones* v. *State*, 170 Ark. 863, 867, 281 S. W. 663, that injunctions are transitory, and that jurisdiction of the person is required. That must necessarily be true in every matter affecting purely personal rights. *Pennoyer* v. *Neff*, 95 U. S. 714; 24 L. Ed. 565.

It must appear from the foregoing that this is not a proceeding wherein the chancery court is merely attempting erroneously to exercise its jurisdiction. It is a matter wherein the trial court has absolutely no jurisdiction of the person of Gainsburg.

The erroneous exercise of jurisdiction would not be controlled by prohibition, as the remedy would be by appeal as for the correction of any error. However, this court may upon proper showing grant relief, by

the issuance of a writ of prohibition to save one from the onerous burdens of litigation when the trial court is attempting to act wholly without jurisdiction, or is threatening, or about to act in excess of its jurisdiction. *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13; *Order of Railway Conductors* v. *Bandy,* 177 Ark. 694, 8 S. W. (2d) 448; *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d) 421; *Caldwell* v. *Dodge,* 179 Ark. 235, 15 S. W. (2d) 318.

This rule has been so often announced, so consistently followed that we think it unnecessary to quote from our numerous decisions in this regard, but content ourselves with a mere citation of some of the authorities to that effect.

Counsel for respondent cite many authorities supporting this very principle of law. It seems, therefore, there is no controversy as to the law here, but only in the matter of its application. We are unable to make the fine distinction suggested by the respondent wherein it is admitted that the court may not, by an injunctive process, affect the rights of the petitioner, but, notwithstanding that fact, the court still has power left in it by reason of petitioner's ownership of the stock of merchandise, or by reason of his contract with Carter and Gus Blass Company, to adjudicate his personal rights, or, maybe, terminate same without proper process.

If Gainsburg desires, he may voluntarily proceed in our courts to protect or secure his rights, but the courts are powerless to compel him to appear, and then render a judgment against him without due process of law.

In a proper case, a nonresident's property may be seized and sold. Such litigation is *in rem,* and the courts wholly exhaust their power with the disposition of the property seized.

Petitioner is entitled to the writ of prohibition, and it will be awarded.