HARRIS DISTRIBUTORS, INC. *v.* MARLIN, JUDGE.

4-9830                                      249 S. W. 2d 3

Opinion delivered May 26, 1952.

622

*Wright, Harrison, Lindsey & Upton,* for petitioner.

*Chester L. Greene,* for respondent.

GEORGE ROSE SMITH, J. This is a petition for a writ of prohibition to prevent the Union Circuit Court from proceeding further in a suit filed by the widow and children of E. F. McCord against the petitioner and other defendants. It is the petitioner's contention that in the suit below the various defendants were joint tortfeasors and that the liability of all the defendants to the plaintiffs was discharged by the plaintiffs' action in obtaining and satisfying a separate judgment against Louis Ozmer, one of the defendants. This contention was raised in the trial court by a motion to dismiss the complaint. This motion having been overruled, the present petition was filed.

On August 30, 1950, McCord was riding as a passenger in a car owned by the petitioner and being driven by its employee. McCord was killed in a three-way collision involving the car in which he was riding, a second car owned by Ozmer, and a third car owned by S. T. Horne. McCord's widow and children sued for $150,000 damages in a joint action against the owners of the vehicles and against Horne's two daughters, who were alleged to have been in control of the Horne car when the collision took place.

By August 1, 1951, process had been served on all five defendants. On August 21 the petitioner demurred to the complaint. On August 29 the court, without having acted on the demurrer, entered a judgment against Ozmer. This judgment recites the appearance

of the plaintiffs by their counsel and that of Ozmer by his counsel. It further recites that, a jury being waived, the cause is submitted to the court upon the complaint, Ozmer's answer, and the testimony of witnesses, from which "the court finds the issues in favor of the plaintiffs as against the defendant, Louis Ozmer, and assessed their damage in the sum of $3,666.66." Judgment against Ozmer was rendered in that amount, and upon the judgment being paid in open court' the clerk was directed to satisfy the judgment in full. The petitioner now contends that the satisfaction of the judgment against Ozmer is a bar to a proceeding against the other tortfeasors. *Mo. Pac. R. Co.* v. *Burks,* 196 Ark. 1104, 121 S. W. 2d 65. For the respondent it is contended that the common law rule recognized in that case has been changed by the Uniform Contribution Among Tortfeasors Act, Ark. Stats. 1947, §§ 34-1001 *et seq.*

We do not reach the merits, as prohibition does not lie in the situation presented. This writ is an extraordinary one, issued at the court's discretion in cases of pressing necessity. *Weaver* v. *Leatherman,* 66 Ark. 211, 49 S. W. 977. For the writ to issue it must appear that the trial court proposes to act in a matter not within its jurisdiction and that the petitioner has no other remedy to prevent the usurpation of jurisdiction. *Russell* v. *Jacoway,* 33 Ark. 191.

We have often said that the writ of prohibition cannot be used as a substitute for appeal. Yet, as we pointed out in *District No. 21 U. M. W. of America* v. *Bourland,* 169 Ark. 796, 227 S. W. 546, this statement cannot be carried to its literal extreme. An appeal lies as a matter of right from every final judgment; so in every case it could be argued that the petitioner should proceed with the trial and later present the alleged error by appeal. In that view of the matter the writ of prohibition would have no function whatever.

Of course the writ has in fact a well established place in our procedure. In the usual case it is issued when the record shows without dispute that the trial court lacks jurisdiction of the person or of the subject

matter. We have, for example, prohibited an action *in personam* against a nonresident not served with process, *Gainsburg* v. *Dodge,* 193 Ark. 473, 101 S. W. 2d 178, a tort action brought in the chancery court, *Dist. No. 21, etc.,* v. *Bourland, supra,* and an action for damage to real property lying outside the court's jurisdiction. *Western Union Tel. Co.* v. *Bush,* 191 Ark. 1085, 89 S. W. 2d 723, 103 A. L. R. 367. And where it was shown that the petitioner would suffer irreparable injury merely by having to go to trial, with the necessity of calling hundreds of witnesses and with no remedy for the recovery of his costs, we granted the writ upon uncontradicted proof that affidavits essential to the court's jurisdiction were fatally defective. *Murphy* v. *Trimble,* 200 Ark. 1173, 143 S. W. 2d 534.

It is in such situations that the writ is appropriate. If it were used to stay the proceeding in the trial court whenever counsel thought a ruling to be erroneous, much of our time would be occupied in the piecemeal settlement of questions that should be presented by appeal, and the trial courts would be unduly hampered in the disposition of their cases. *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421. Our views in a case like the one at bar were fully expressed in *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13. There the chancellor had refused to transfer the cause to the circuit court, and we were asked to prohibit the trial in equity. In denying the writ we said: "Upon his [the petitioner's] motion to re-transfer being overruled in the chancery court, he could pursue either of two courses: He could stand upon his motion and refuse to proceed with the trial, in which case the chancellor would no doubt dismiss his complaint and enter a judgment against him, from which he could appeal to this court. . . . Or he could go to trial in the chancery court, and, upon an adverse decree against him, he could appeal."

The above cases are controlling here. The respondent undoubtedly has jurisdiction both of the person and of the subject matter. Petitioner is in no sense

faced with an irreparable injury. In. substance its motion to dismiss asserts only that it has a defense to the plaintiffs' cause of action. If prohibition may be used to test the sufficiency of a defense, there is no reason why it could not also be used to review the trial court's action in overruling a demurrer to the complaint. Of course that is not the office of the writ. Petitioner's question must be raised by appeal, after its exercise of either of the alternatives set forth in the Bassett case, *supra*.

Petitioner cites a single case to support its position. *Reasor-Hill Corp.* v. *Golden, ante,* p. 100, 247 S. W. 2d 9. In that case the propriety of granting a writ of prohibition was not questioned by counsel for the respondent, and the opinion contains no discussion of the point.

Writ denied.