CASEY *v.* STRAIT, JUDGE.

4-9907                                    252 S. W. 2d 75

Opinion delivered November 3, 1952.

*John G. Rye,* for petitioner.

*Robt. J. White,* for respondent.

ED. F. McFADDIN, Justice. This is an original proceeding seeking to prohibit the Pope Circuit Court from trying a case therein pending in which Adney and wife are plaintiffs, and Casey is defendant.

Adney and wife filed action for damages in the Pope Circuit Court against Casey, alleging, *inter alia,* that Casey's injured child was about to be transported by truck to Russellville; that Casey requested Mrs. Adney (his mother-in-law) to ride in the truck to assist in caring for the injured child; that Casey drove the truck in a negligent and careless manner; that Mrs. Adney was injured when the truck was overturned in Pope County, Arkansas; and that the plaintiffs were at all times residents of Pope County, Arkansas. To the complaint, Casey filed a demurrer in which he claimed that the complaint showed on its face that Mrs. Adney was barred from a recovery because of Act No. 179 of 1935, called the "guest statute", and now found in § 75-915 Ark. Stats. The Pope Circuit Court overruled Casey's de-

murrer; and thereupon Casey filed in this Court the present petition for a writ of prohibition, his theory being that the Pope Circuit Court erred in overruling his demurrer.

It is evident that the Pope Circuit Court had jurisdiction if the complaint alleged a cause of action, so this prohibition proceeding is not a case of entire absence of jurisdiction, in line with such cases as *Gainsburg* v. *Dodge*, 193 Ark. 473, 101 S. W. 2d 178, and *Western Union* v. *Bush*, 191 Ark. 1085, 89 S. W. 2d 723, 103 A. L. R. 367. The only issue here is whether the Pope Circuit Court was correct in overruling Casey's demurrer to the complaint.

Prohibition is not the proper remedy to test a ruling of the trial court on a demurrer. The correct procedure would be for the defendant to save exceptions and then, if finally defeated in the trial court, to prosecute an appeal to this Court where the ruling on the demurrer could be questioned. If prohibition should be entertained by this Court in a case such as the one here, then by like token, every time any trial court overruled a defendant's demurrer, all further proceedings might be suspended in the trial court until the Supreme Court could determine the correctness of the demurrer ruling. Such is not the purpose or function of a writ of prohibition. The case of *Harris Distributors, Inc.* v. *Marlin, Judge*, 220 Ark. 621, 249 S. W. 2d 3, contains a discussion on this point; and on the authority of that case, we deny the petition for writ of prohibition in the case at bar.