PLATT *v.* PONDER, JUDGE.

5-2413                                    346 S. W. 2d 687

Opinion delivered May 29, 1961.

*Ivan Williamson,* for petitioner.

*J. Frank Holt,* Attorney General, by *Jack L. Lessenberry,* Asst. Attorney General, for respondent;

GEORGE ROSE SMITH, J. The petitioner, Bobby Platt, was charged by information with the crime of having failed to support his illegitimate child. Ark. Stats. 1947, § 41-216. By demurrer he questioned the jurisdiction of the circuit court on the ground that exclusive jurisdiction in all matters relating to bastardy is vested in the county court by Article 7, Section 28, of the constitution. The circuit court overruled the demurrer, and the petitioner then filed this application for a writ of prohibition to prevent the circuit court from proceeding further. At the hearing below it was stipulated that the petitioner had never been judicially found to be the father of the child in question.

The Attorney General, appearing on behalf of the respondent, first contends that prohibition is not the proper remedy to test a ruling on demurrer, citing *Harris Distributors, Inc.* v. *Marlin,* 220 Ark. 621, 249 S. W. 2d 3, and *Casey* v. *Strait,* 221 Ark. 130, 252 S. W. 2d 75. In those cases, however, the question was not one of jurisdiction; instead, the issue was whether the complaint stated a cause of action. Our reason for denying prohibition was thus stated in the *Harris* case: "The respondent undoubtedly has jurisdiction both of the person and of the subject matter. Petitioner is in no sense faced with an irreparable injury. In substance its motion to dismiss asserts only that it has a defense to the plaintiffs' cause of action. If prohibition may be used to test the sufficiency of a defense, there is no reason why it could not also be used to review the trial court's action in overruling a demurrer to the complaint. Of course that is not the office of the writ."

In the case at hand the petitioner raises a true question of jurisdiction in that he insists that the county court's power is exclusive, so that the circuit court has no authority whatever to act. This is the point that he sought to raise by demurrer. When an application is

made to the supreme court for a writ of prohibition it is ordinarily proper, though not always essential, for the petitioner to show that his objection to the jurisdiction has first been presented to the court below. The proper method of presenting the objection in the trial court varies with the circumstances. In *State ex rel. Butler* v. *Williams,* 48 Ark. 227, 2 S. W. 843, the point was contained in a motion to dismiss. In *Western Union Tel. Co.* v. *Bush,* 191 Ark. 1085, 89 S. W. 2d 723, 103 A. L. R. 367, a motion to quash the service of summons was used. In the case at bar it happens that a demurrer was appropriate, for the point relied upon was apparent on the face of the information. But the controlling fact is that the petitioner's pleading raised an issue of jurisdiction rather than a mere question about whether the information stated a cause of action. We are accordingly of the opinion that the writ of prohibition is the proper remedy for the petitioner to obtain a review of the circuit court's decision upon the jurisdictional point.

On the merits the trial court's ruling was correct. We have frequently held that although a bastardy proceeding in the county court is brought in the name of the State it is nevertheless a civil action rather than a criminal prosecution. *Chambers* v. *State,* 45 Ark. 56; *State* v. *Davis,* 178 Ark. 692, 11 S. W. 2d 479. There is no sound reason for saying that the county court's power to determine paternity and provide support in a civil proceeding prevents the legislature from creating the criminal offense involved in this case and vesting jurisdiction thereof in the circuit court. It is quite apparent that the issue of paternity might arise in various proceedings, such as custody cases, guardianship matters, inheritance disputes, criminal proceedings, etc. The county court's jurisdiction over bastardy cases would not prevent other courts from determining the question of paternity for themselves. Indeed, it is doubtful if the county court's judgment in the matter would even be admissible in a criminal case such as this one. See *Ireland* v. *State,* 99 Ark. 32, 136 S. W. 947; *Holmes* v. *State,* 144 Ark. 617, 224 S. W. 394.

A point so similar as to be almost identical was decided in *Brizzolari* v. *State,* 37 Ark. 364. Article 7, § 28 of the constitution vests in the county court jurisdiction over vagrants in the same language as it uses to confer jurisdiction over bastards. In the *Brizzolari* case it was contended that the county court's jurisdiction over vagrants was exclusive and that therefore a criminal prosecution for vagrancy could not be maintained in the mayor's court. We rejected this argument, holding that the mayor's court could properly entertain the criminal proceeding. By the same reasoning the county court's authority in bastardy cases is not a bar to the present action.

The writ is denied.

McFADDIN, J., concurs.