## Lesser Jean LEE *v.* Robert GRUBBS

80-65                                              599 S.W. 2d 715
Supreme Court of Arkansas
Opinion delivered June 9, 1980

*Eenton Stanley*, for appellant.

*Glover, Glover & Walthall*, by: *G. Christopher Walthall*, for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant Lesser Jean Lee is the mother and appellee Robert Grubbs, the father of Ethel Jean Grubbs, an illegitimate child, born June 21, 1972. She has lived with her mother all her life. On July 17, 1979, the probate court, on the petition of Robert Grubbs, appointed him guardian of the person and estate of Ethel. The

petition contained an allegation that the minor's estate consisted of $148 per month as a "Social Security pension" received by Robert Grubbs on her behalf. It also contained an allegation that the minor "is being housed in an overcrowded home with extremely poor living conditions, minimum supervision and guidance, and is otherwise being cared for in an unhealthy, immoral and improper home and would be better suited to residing with petitioner, her natural father, in his home." The threshhold question is whether the probate court had jurisdiction to appoint a guardian of an illegitimate child and place her in the custody of that guardian. We find that it did have such jurisdiction.

Appellant relies upon Art. 7, § 28 of the Constitution of Arkansas and *Rapp v. Kizer, Chancellor*, 260 Ark. 656, 543 S.W. 2d 458. In *Rapp*, we held that the chancery court had no jurisdiction to entertain a petition by the putative father to obtain visitation rights and custody of a child born to his former wife some 11 months after they were divorced. The petitioner had stated that if he were denied custody, he was willing and able, as an alternative, to pay child support as ordered by the court, commensurate with the child family support chart as utilized by the court. We held that, even though paternity was admitted, chancery court had no jurisdiction because the action filed by the putative father involved only matters relating to bastardy, of which the chancery court had no jurisdiction because Art. 7, § 28 vested exclusive original jurisdiction in all matters relating to bastardy in the county court.

This case is a guardianship proceeding, so *Rapp* is not governing here. The county court has no jurisdiction to appoint a guardian. Exclusive original jurisdiction of matters pertaining to private guardianships of the persons and estates of minors is vested in the probate court under Art. 7, § 34 of our constitution as amended by Amendment 24. *Ex parte King*, 141 Ark. 213, 217 S.W. 465; *Cude v. State*, 237 Ark. 927, 377 S.W. 2d 816. See also, *Scott v. Boyce*, 194 Ark. 1155, 110 S.W. 2d 497. The county court's jurisdiction over bastardy would not even have prevented the probate court from determining paternity in the guardianship proceeding. *Plat v. Ponder, Judge*, 233 Ark. 682, 346 S.W. 2d 687, The fact that

Ethel is an illegitimate child is wholly irrelevant to a proceeding to appoint a guardian of a person and estate.

Appellant also contends that the trial court exceeded its authority by placing no burden upon appellee to show that the child was being moved into the proper environment. The governing statute requires only that, after it is found that a guardianship is desirable to protect the interests of a minor, the *person* to be appointed guardian be qualified and suitable to act. Ark. Stat. Ann. § 57-614 (Repl. 1971).

The evidence that the child was not living in a proper environment preponderated overwhelmingly. Appellant argues, however, that the trial court did not, and does not, know the environment in which it placed Ethel, who has gone by the surname Grubbs since she was born. Mr. Grubbs testified that he had lived for 17 years at 303 Catherine Heights Road, Hot Springs, in a three-bedroom mobile home owned by him. He said that it was equipped with running water and central heat and air conditioning. According to him, Ethel would take a bus which passed the front door of his home to Lakeside School. The fact that appellee is the natural father, even though relatively unimportant on the question of jurisdiction, is significant on this question. If a guardian is to be appointed, the natural father should have some preference over others, unless he is unfit. He testified that he is being paid $148 per month as social security for the benefit of the child. It is admitted that he has been giving $25 per month to appellant for the benefit of Ethel. It was shown that he was buying Ethel's clothing. He said that he had paid all her medical bills. It was shown that Mr. Grubbs enrolled Ethel in kindergarten, that he paid for her lunches and other obligations incurred at the kindergarten, and that he visited the kindergarten once to three times a week during the two years she attended it. He also attended school parties and parent-teacher conferences and saw that all her needs were met. Mr. Grubbs testified that he had not used any of the monthly payment he received for Ethel's benefit for her support, but had put it all in a bank account, which had a balance of about $2,000, for Ethel's education. Social workers testified that they would have undertaken to place all of the numerous children in appellant's home in foster homes if the

homes were available. Mr. Grubbs said that when the social workers had told him they were trying to place the children in foster homes, he replied that Ethel didn't have to go to a foster home because he had a decent place in which she could live.

We find the evidence sufficient to support the appointment of appellee as guardian of Ethel Jean Grubbs.

The judgment is affirmed.

HICKMAN, J., dissents.