ALCOHOLIC BEVERAGE CONTROL BOARD *v.*
Honorable Lee MUNSON, Chancellor

85-76                                              696 S.W.2d 720

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for petitioner.

*Paul Johnson,* for respondent.

DARRELL HICKMAN, Justice. While an election contest appeal was pending in this court, the respondent issued an injunction against the Arkansas Beverage Control Board, ordering it not to comply with the election results. The circuit court had refused precisely the same request for relief; that is, a request to prohibit the wholesalers from delivering or selling liquor in the precinct voted dry. The action by the chancery court was a usurpation of the power of the circuit court, which clearly had jurisdiction of the matter. Finding that the chancery court was wholly without jurisdiction, the injunction is dissolved.

During the 1984 general election, a local option election was held in Precinct 614 of Pulaski County, to determine if that precinct would be wet or dry. The majority voted dry. Tommy Majors, a retail liquor store owner, filed an election contest suit in Pulaski County Circuit Court. The complaint was dismissed January 14, 1985.

After the dismissal, the ABC Board directed the wholesalers to stop servicing retail liquor outlets in the precinct. Majors asked the circuit court to stay the ABC Board from enforcing the directive. The circuit court denied the stay on March 21, 1985. Six days later, Majors filed a motion for findings of fact and conclusions of law which the circuit court denied on April 1, 1985. Majors appealed from the ruling the next day.

On the same day the circuit court denied his motion, Majors joined with other liquor dealers to petition the Pulaski County Chancery Court to issue an injunction ordering the ABC Board to cease its restriction of liquor sales. This was precisely the motion denied by the circuit court March 21. However, the respondent granted the injunction on April 2, 1985, to continue until the appeal from the election contest suit is resolved here. We granted a temporary stay of the respondent's injunction pending presentation of this petition.

■    The chancery court did not have jurisdiction because this is an election contest, and election contests by statute are the exclusive domain of the circuit court. Ark. Stat. Ann. § 3-1001 (Repl. 1976).

■■    The respondent raises numerous arguments to justify

the injunction. He first argues that a writ of prohibition does not lie without an objection to the lower court's jurisdiction being raised there. *Midwest Business, Inc.* v. *Munson*, 274 Ark. 108, 622 S.W.2d 187 (1981). The ABC Board raised the issue of jurisdiction in a pleading and that is sufficient. *Platt* v. *Ponder*, 233 Ark. 682, 346 S.W.2d 687 (1961). It is argued that the chancery court has jurisdiction to issue injunctions. The underlying action is the determining factor of the chancery court's jurisdiction—not the fact that an injunction was issued. The question is raised whether a writ of prohibition is the proper remedy in this case. In *Curry* v. *Dawson*, 238 Ark. 310, 380 S.W.2d 287 (1964), a similar case, we decided that "prohibition is the proper remedy to prevent the chancery court from exceeding its jurisdiction on matters pertaining to an election contest." The respondent argues that since his action is concluded, appeal is the proper remedy. The respondent's action was taken wholly without jurisdiction and is therefore void. See *Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W. 2d 11 (1980) and *Axley* v. *Hammock*, 185 Ark. 939, 50 S.W.2d 612 (1932).

Writ of prohibition granted.

PURTLE, J., not participating.