## LEOLA LUMBER COMPANY v. BOZARTH.

### Opinion delivered June 7, 1909.

1.  WITNESSES—COMPELLING OPPOSITE PARTY TO TESTIFY.—A party to an action at law may be summoned by the opposite party to testify as to matters within his knowledge if he resides in the county of the venue or in an adjoining county, and if he resides elsewhere he may be compelled to respond to written interrogatories annexed to the answer. (Page 13.)

2.  SAME—PRODUCTION OF PAPERS.—The production of books, papers and memoranda of a party, if in the hands of a witness, may be enforced by *subpoena duces tecum;* if in the hands of the opposite party, by an order of court. (Page 13.)

3.  PARTIES—PARTNERS.—In an action to enforce a claim against a partnership, the partners are proper and necessary parties, in order that there may be a complete determination of the questions involved. (Page 13.)

Appeal from Grant Circuit Court; *William H. Evans,* Judge; reversed.

*Bridges, Wooldridge & Gantt* and *A. R. Cooper,* for appellant.

1. The cause should have been transferred to equity, as the defense in the answer was purely equitable. 36 Ark. 229; 52 Ark. 411; 71 *Id.* 487; 44 *Id.* 458; 46 *Id.* 272; 44 *Id.* 496; 49 *Id.* 575; 74 *Id.* 280.

2. Instruction No. 1 should have been given. There was evidence of partnership. 80 Ark. 28. Lynn Butler, the partner, was a necessary party. 60 Ark. 560; 67 *Id.* 27; 30 Cyc. 561.

BATTLE, J. W. F. Bozarth, complaining of the Leola Lumber Company, alleged that he, at the request of the defendant, performed work, labor and services for it in cutting and preparing logs and timber for its mill at agreed and stipulated prices amounting in the aggregate to the sum of $892.78; and asked for judgment for that amount.

The defendant denied the allegations of the complaint, and answered further as follows:

"For further answer defendant says that its business or main office is at Pine Bluff, Arkansas, and its timbered interest, saw mills and saw mill property are at Leola in Grant County; that said corporation was organized, as shown by its articles of incorporation, to buy and sell timber and timbered lands and run a saw mill; that Lynn Butler was vice-president of defendant corporation till the —— day of July, 1908, and as such was in charge of defendant's saw and planing mills located at and near Leola; that on or about the —— day of ——, 1908, the plaintiff W. F. Bozarth and Lynn Butler, while the latter was yet vice-president of defendant's company, formed a partnership known as Bozarth & Company to do a saw milling business at Leola in said county, and planned and conspired together to defraud the defendant; that, pursuant to said conspiracy to defraud the plaintiff, W. F. Bozarth and Lynn Butler purchased two saw mills of their own on or about the —— day of ——, 1908, placed them in operation and begun cutting defendant's timber without the knowledge or consent of defendant, whose mills were closed down and remained idle, all of which was very much to the loss, hurt, and

injury of defendant; that plaintiff Bozarth and Lynn Butler, in operating their own mills above set out, used the log wagons, equipments, mules and oxen of the defendant, and thereby became indebted to the defendant in a large sum, to the defendant unknown; and that the said W. F. Bozarth and Lynn Butler, in the operation of their saw mills, supplied their logging teams with feed belonging to the defendant, thereby becoming indebted to the defendant in a further sum unknown to it. Defendant believes, and therefore alleges as true, that, while operating their own mills, the plaintiff W. F. Bozarth and Lynn Butler unlawfully and without right charged their private labor account to this defendant, and the defendant, being at the time in ignorance of the true state of facts, paid the same, and the plaintiff W. F. Bozarth and Lynn Butler thereby became indebted to the defendant in a large sum to it unknown. That the advances, supplies and moneys and timber cut, paid by defendant to the plaintiff W. F. Bozarth and Lynn Butler, as above set out, are largely in excess of the sum sued on herein, but the defendant sayeth further that on the —— day of July, 1908, Lynn Butler ceased to be vice-president of defendant corporation or have any interest in the same, but refused and still refuses to deliver to the defendant its time books or any other books, papers and memoranda belonging to the defendant, whereby the truth may be determined and an accounting had between the plaintiff W. F. Bozarth and Lynn Butler on the one side and defendant on the other.

"Wherefore defendant says that it has no adequate remedy at law, and prays that Lynn Butler be made a party hereto, and that this cause be transferred to the equity court, and an accounting be had between the defendant and the plaintiff W. F. Bozarth and Lynn Butler and for judgment against said W. F. Bozarth and Lynn Butler or either of them for such sum as the proof may warrant, and it will ever pray."

The court refused to transfer the cause to a court of equity. Lynn Butler was not made a party. Some evidence tending to prove that he was a partner of the plaintiff in the matters in controversy was adduced.

The defendant asked the court to instruct the jury as follows:

"If you find from the evidence that plaintiff, W. F. Bozarth,

was a partner with Lynn Butler in the operation of the saw mills at which he claims to have cut lumber for defendant, then you are instructed that he is not entitled to maintain this suit, and your verdict should be for the defendant." And the court refused to so instruct.

The jury returned a verdict in favor of the plaintiff for $800, and, judgment having been rendered for that amount, the defendant appealed.

The defendant failed to show such a complicated state of accounts between it and appellee as to make it necessary to transfer the cause to equity for adjustment. As to the discovery of facts within the knowledge of the appellee, if he resides in the county in which the action was brought or in an adjoining county, he could have been summoned by the appellant and compelled to testify as any other witness (Kirby's Digest, § 6154); or if he did not reside in such counties, he could have been compelled to respond to written interrogatories annexed to the answer. (*Ib.* § 6158). The production of the books, papers and memoranda of the appellant in the possession of a witness, or a party to the action, needed as evidence, upon proper showing, could have been enforced; if in the possession of a witness, by a subpoena duces tecum (Kirby's Digest, § 3111); if in the possession of a party, by an order of the court. Kirby's Digest, §§ 3074-3078.

Under the statutes of this State all persons who are necessary to a complete determination and settlement of the questions involved should be made parties to an action. Kirby's Digest, § 6011. Unless they are, they will not be bound by the judgment, and as to themselves may relitigate. Partners, in proportion to their interest, are entitled to be heard in the enforcement of all partnership claims, and are proper and necessary parties (30 Cyclopedia of Law and Procedure, 561, and cases cited), and should be made parties for the protection of the defendant against further litigation, and for the final settlement of the rights involved.

Reversed and remanded for a new trial.