BAUGH v. TAYLOR.

Opinion delivered November 2, 1931.

*Buzbee, Pugh & Harrison,* for appellant.

*C. W. Norton,* for appellee.

HUMPHREYS, J. This suit was brought by appellant on December 28, 1929, in the chancery court of St. Francis County against appellees to redeem lot 10, block 15 and lot 2, block 50, in Forrest City, Arkansas, from a mortgage thereon executed by her brother, W. P. Brandon, on March 30, 1925, to secure an indebtedness of her brother and husband in the sum of $10,000, which was borrowed from appellee, Taylor, to pay off a like indebtedness and mortgage to the First National Bank of said city. Appellant based her contention for redemption of the property upon a deed therefor from her brother to herself of date March, 1915, or, in the

alternative, upon an option or repurchase contract between herself and Taylor of date February 10, 1927, in words and figures as follows:

"THIS WRITING WITNESSETH:

"That E. P. Taylor, the first party, and Mrs. Lucy L. Baugh, the second party, have agreed as follows to-wit:

"If at the commissioner's sale now advertised to be held on the 12th day of February, 1927, in the case of E. P. Taylor, plaintiff, against W. P. Brandon et al., defendants, No. 4821, in the St. Francis Chancery Court, the said E. P. Taylor shall become the purchaser of the property to be sold, to-wit: "lot 10 of block 15 in the town of Forrest City, and lot 2 of block 50 in the town of Forrest City; and

"If the said second party thereupon and on the same day with the said sale shall pay to the said E. P. Taylor $2,000 as the consideration of this contract; and

"If the said second party shall regularly pay and discharge within the time provided by law for payment without penalty all general and special taxes and assessments now due or becoming due within the period of this contract, against the said property, and shall keep the buildings on the same well insured against loss or damage by fire and tornado in sums satisfactory to the first party and for his use and benefit and at the expense of the said second party; and shall at her own expense keep the buildings on said lots in good repairs; then

"Upon the conditions aforesaid, and the time shall be of the essence thereof, the said first party hereby gives and grants to the said second party the exclusive right and option to and including the 31st day of December, 1928, to purchase of and from the said first party the real estate above described at a price to be determined as follows:

"That is, the price shall be a sum equal to the decree rendered in favor of the said E. P. Taylor and against W. P. Brandon and others on the 15th day of January, 1927, in the St. Francis Chancery Court in the case above

referred to, with interest thereon at the rate named in the said decree to the day of the said exercise of the said option together with all court costs, attorney's fees, and other expenses incurred by the said E. P. Taylor on account of the said judgment together with any sums paid out by the said E. P. Taylor after the date of this contract for reasonable, necessary repairs and upkeep on the said property and any taxes, special assessments and insurance which he may have paid on the same; which sum shall be subject to credit by the sum of $2,000 plus such further sums as the said E. P. Taylor may receive after the date of this contract as rents or profits out of the said property, which credits shall bear interest at the rate of 8 per cent. per annum from the date of payment respectively; and the balance remaining after application of these payments shall be the purchase price of the said property, and the same shall be payable in cash upon execution and delivery by the first party of a good deed of special warranty conveying the said property free and clear of all liens and incumbrances arising by, through or under him but the first party does not undertake to make a good deed of general warranty.

"Provided, this contract is on condition that the commissioner's sale first above referred to shall be duly confirmed by the St. Francis County Chancery Court and a deed made to the first party, and if the said sale be not confirmed then the first party is to return to the second party the $2,000 paid for this option contract.

"Time shall be of the essence of this contract in all particulars.

"This 10th day of February, 1927.

(Signed) "Lucy L. Baugh,

"E. P. Taylor."

The defenses interposed to appellant's suit for redemption were that the conveyance of the property to her by her brother, although in form a deed, was in effect a will and that she obtained no present title or interest therein under the instrument, and that she failed to per-

form the conditions of the option contract within the time specified.

The cause was heard upon the pleadings and testimony, which resulted in a dismissal of the complaint of appellant, from which is this appeal.

There is little or no dispute in the testimony. The facts reflected by the evidence are, in substance, as follows:

The real estate in question had been owned for many years by appellant's blind brother, who resided with her and her husband. Her husband and brother were partners in business, and conducted a large mercantile establishment in the store building on the property. On March 15, 1915, appellant's brother executed and delivered a deed for said real estate to her. He said at the time of delivery that he wanted her to have the property, and in order to effect that purpose gave her some money and required her to hand it back to him in exchange for the deed. She put the deed with her other papers, where it remained until, upon the advice of an attorney, she recorded it on the second day of February, 1927. The possession of all the real estate was retained by her brother, the store building being occupied by her husband and her brother and the residence rented by her brother. He never accounted to her for rents and continued to keep the property in repair and pay taxes thereon. On the ____ day of _____, he executed a mortgage thereon to the First National Bank of Forrest City to secure an indebtedness of his brother-in-law and himself. Thereafter he mortgaged same to appellee, Taylor, for $10,000 to obtain money with which to pay the indebtedness to the bank. Later they failed in business and their estate was administered by receivers. The receivers occupied the store building and rented the house without accounting to appellant for rents until appellees took possession for the purpose of foreclosing the mortgage. The foreclosure proceeding was instituted on December 20, 1926. On the 15th day of January, 1927, a judgment was obtained by appellee

against appellant's brother and husband for $10,514.70, and the mortgage lien was foreclosed, and the property ordered sold to pay same. At this juncture in the proceedings, W. P. Brandon and J. D. Baugh, brother and husband of appellant, had several consultations with appellee Taylor relative to saving the property, which resulted in the execution of the option contract set out above. Pursuant to the terms thereof, appellee Taylor purchased the property for $8,000 at the commissioner's sale on February 12, 1927, at which time appellant paid him $2,000 in cash. Thereafter appellee Taylor collected rents on the store and allowed appellant to take possession of and collect the rents on the residences until March or April, 1929, some four months subsequent to the expiration of the option contract. Appellant paid appellee Taylor another $1,000 in February, 1928. At the time the option contract expired, appellant was ill and unable to attend to any business until early in 1929. As soon as she recovered sufficiently to attend to business, she requested an accounting and offered to redeem the property, but was informed that the time for redemption had expired.

We deem it unnecessary to consider or discuss appellant's contention that she is the owner of the property by virtue of the deed, which antedates appellee's mortgage, and entitled to redeem because she was not made a party to the foreclosure proceedings, for we are convinced that the option contract was in effect a new mortgage. It had practically all the characteristics of a mortgage. It carried the same indebtedness and bore the same rate of interest as the old indebtedness and costs of the foreclosure and appellee's attorney's fees. It also provided that if Taylor should pay out anything for taxes, insurance, or repairs, the amount should be added to the indebtedness. It also provided that rents collected by Taylor should be credited on the indebtedness. It also provided that appellant should pay the taxes, insurance and repairs on the property. It also provided that, if the debt were discharged within the time named, appellee

Taylor should deliver the property free of incumbrances under special warranty to appellant. The relationship of mortgagor and mortgagee between appellant and appellee Taylor concerning the property in question was created by the option contract, which necessarily let in the equity of redemption after default in payment. The principle announced in the case of *American Mortgage Co.* v. *Williams,* 103 Ark. 494, 145 S. W. 234, is applicable to and governs the instant case. The clause in the option contract making time of the essence thereof had the effect, perhaps, of waiving the right of redemption conferred by the statute, but did not dispose of the equity of redemption which antedates any statutory right of redemption. This equity can be disposed of only by foreclosure or a conveyance or by laches.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to ascertain the amount due on the mortgage and to allow appellant to redeem the property by the payment of same.

KIRBY, J., concurs.

SMITH and McHANEY, JJ., dissent.