H. B. Deal & Company, Inc., *v.* Marlin, Judge.

4-7876                                    193 S. W. 2d 315

Opinion delivered March 25, 1946

*Leo F. Laughren* and *Ezra Garner,* for petitioner.

*Surrey E. Gilliam, Floyd E. Stein, Melvin T. Chambers* and *Harry Colay,* for respondent.

McFADDIN, J. This is an original proceeding in this court for a writ of prohibition. H. B. Deal & Co., Inc., (hereinafter referred to as "petitioner") filed petition herein on January 9, 1946, seeking to prohibit Hon. Tom Marlin, judge of the Second Division of Union Circuit Court, from proceeding in a certain cause there pending (No. 7482), wherein Thomas L. Head and 58 others were plaintiffs and H. B. Deal & Co., Inc., was defendant. A temporary writ was issued, returnable on January 14, 1946. On the return day attorneys for both parties appeared in open court, and the temporary writ was ordered to remain in force until this final hearing.

Petitioner is a corporation with its home office in St. Louis, Missouri, but authorized to do business in Arkansas. On February 16, 1942, petitioner entered into a fixed-fee contract with the United States of America, whereby the petitioner (designated in the contract as "constructor") agreed to construct, for the United Staes Government, the Ozark Ordnance Works near El Dorado, Arkansas, at an estimated cost of $9,198,400, exclusive of the constructor's fixed-fee of $202,700. Section 2 of Article X of the said contract reads, in part:

"The constructor shall compensate laborers and mechanics for all hours worked by them in excess of eight hours in any one calendar day at a rate not less than one and one-half times the basic rate of pay of such laborers and mechanics. . . ."

On April 22, 1943, Thomas L. Head, et al., filed cause No. 7482, against the petitioner, in the Union Circuit Court, claiming (a) that the plaintiffs were laborers and mechanics who had worked for the petitioner under the said contract, and (b) that the petitioner had failed to pay the plaintiffs the full amount due each for wages and overtime as provided in the contract. Each plaintiff sought recovery for said alleged unpaid amount. After a series of motions had been filed by petitioner and acted upon by the circuit court, the petitioner then filed on June 29, 1945, its petition and bond for removal of the cause to the U. S. District Court. On July 5, 1945, the said federal court ordered the cause remanded to the

state court; and on November 21, 1945, the petitioner filed its demurrer and answer in the circuit court.

On December 1, 1945, the plaintiffs, Thomas L. Head, *et al.,* filed motion in the Union circuit court—in the form of an amendment to their complaint—whereby they sought to have the petitioner answer certain interrogatories and to produce its books or furnish certain information therefrom pertinent to the hours the plaintiffs had worked, and the amounts paid plaintiffs. The circuit court granted this motion on December 10, 1945, and ordered the petitioner to answer the interrogatories and furnish the information within thirty days. Then, on January 9, 1946, the petition for a writ of prohibition was filed in this court. The petitioner has alleged in its petition, and argued in its briefs the points which we will list and discuss herein.

I. *Absence of Jurisdiction.* The petitioner claims that the circuit court was without jurisdiction to make the order of December 10, 1945. Petitioner points out that under the contract between the U. S. Government and the petitioner, the constructor would be reimbursed for actual expenditures in performance of the work; and petitioner then states its contention in this language:

"Hence, it is plain under the provisions of this contract that any judgment rendered in the case would eventually be paid by the United States of America and the interests of the United States of America are involved in the litigation, and for this reason the Union Circuit Court does not have jurisdiction of the case and this is true even though the United States of America is not a formal party to the lawsuit."

To support this contention as just quoted, petitioner cites *Morrison* v. *Work,* 266 U. S. 481, 45 S. Ct. 149, 69 L. Ed. 394; *Transcontinental & Western Air* v. *Farley,* 71 Fed. 2d 288; and *McCain* v. *Crossett Lumber Co.,* 206 Ark. 51, 174 S. W. 2d 114, to the effect that, where the government is the real party in interest, an action cannot be maintained.

We see no merit to petitioner's contention in this regard. The fact, that the constructor will ultimately be reimbursed by the U. S. Government for the cost of the labor does not prevent court jurisdiction when the laborer sues the constructor for the wages due under the contract. The petitioner entered into a solemn contract with the U. S. Government, where, for a fixed fee of $202,700, petitioner agreed to construct the Ozark Ordnance Works and agreed to pay laborers for overtime on the scale of wages fixed by the government. We have heretofore quoted one of the provisions of the contract. To quote all of the provisions wherein the government undertook to see that laborers received full wages without subterfuge would unduly extend this opinion. The government placed the quoted provision in the contract for the benefit of the workers. They therefore had a right to sue on the contract. We have repeatedly held that a contract made for the benefit of a third party is actionable by such third party. *Freer* v. *J. G. Putman Funeral Home*, 195 Ark. 307, 111 S. W. 2d 463, is one such case. Other cases on this point are collected in West's Arkansas Digest, "Contracts," § 187. See, also, 17 C. J. S. 1121. The right of a workman to sue a public contractor for wages as fixed by the wage scale in the contract has been recognized in several cases, some of which are: *Stover* v. *Winston Bros. Co.*, 185 Wash. 416, 55 Pac. 2d 821; (appeal to U. S. Sup. Ct. dismissed; 299 U. S. 508, 81 L. Ed. 376, 57 S. Ct. 44); *Fata* v. *S. A. Healy Co.*, 289 N. Y. 401, 46 N. E. 2d 339, 144 A. L. R. 1031; *Novosk* v. *Reznick*, 323 Ill. App. 544, 56 N. E. 2d 318. See, also, Annotation in 144 A. L. R. 1035.

The fact, that the constructor will be reimbursed by the United States for the labor cost does not make this an action against the United States. In *James* v. *Dravo* (302 U. S. 134, 82 L. Ed. 155, 58 S. Ct. 208, 114 A. L. R. 318) the State of West Virginia assessed a gross receipts tax against Dravo Construction Co., which was engaged in constructing locks and dams for the U. S. Government on certain rivers in West Virginia. Dravo Construction Co. sought to defeat the tax by claiming, *inter alia,* that

the United States Government would ultimately have to pay whatever tax Dravo Construction Company might have to pay. But the Supreme Court of the United States upheld the tax and denied the contention of Dravo, holding that, the fact that the tax would ultimately increase the cost to the Government, would not invalidate the tax or defeat its collection. *James* v. *Dravo, supra,* points the way to our holding here. If a state tax may be collected by the state against the constructor, as in the the reported case, then, *a fortiori,* a labor claim may be enforced against the constructor, particularly when the government itself set the scale of wages and provided for the payment of overtime as previously shown. The mere fact that the Federal Government is the ultimate owner or user of the works does not allow the constructor to defeat an action brought to collect wages which the Federal Government stipulated in the contract that the constructor should pay.

We, therefore, hold against petitioner's first contention.

II. *Excess of Jurisdiction.* The petitioner contends that the Union circuit court in the order of December 10, 1945, acted in *excess of its jurisdiction* (as distinguished from *lack* of jurisdiction). The petitioner says that the circuit court exceeded its jurisdiction in making the order, because—petitioner contends: (a) there was a misjoinder of parties plaintiffs; (b) the plaintiffs already had the information sought in the motion; (c) petitioner did not have the information which the court ordered to be produced; (d) the order for the information was premature; and (e) it would be burdensome on the petitioner to answer the proposed interrogatories.

The circuit court had jurisdiction of the *res* and of the parties. Before the circuit court made the order here complained of, there was an extensive hearing: witnesses testified for the plaintiffs and documents were introduced; the petitioner offered no witnesses. The purpose of the hearing was to see whether the court should require the petitioner to furnish certain information and answer certain questions. The plaintiffs contended that they

were entitled to have the petitioner's books produced under the authority of §§ 5147-8, Pope's Digest, and under the authority of such cases as *Leola Lumber Co.* v. *Bozarth,* 91 Ark. 10, 120 S. W. 152; *Hammond Packing Co.* v. *State,* 81 Ark. 519, 100 S. W. 407; and *Fidelity and Deposit Co.* v. *Cunningham,* 181 Ark. 954, 28 S. W. 2d 715. Plaintiffs contended that they were entitled to have the petitioner answer the interrogatories proposed under the provisions of § 1476, Pope's Digest.

At the conclusion of the hearing, the circuit court found that the plaintiffs were entitled to have the interrogatories answered, and were entitled to certain ordered information. In other words, the circuit court exercised its discretion. In applying for a writ of prohibition on the items (b), (c), (d), or (e) under this Heading II, we think the petitioner is seeking to use the writ of prohibition as a substitute for the adequate remedy of appeal; and this cannot be done. In 42 Am. Juris 165, under the topic "Prohibition," the rule is stated:

"It is the universal rule that mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to the extraordinary remedy by prohibition, and that a writ of prohibition never issues to restrain a lower tribunal from committing mere error in deciding a question properly before it; or, as it has sometimes been said, the writ of prohibition cannot be converted into, or made to serve the purpose of an appeal, writ of error, or writ of review to undo what already has been done. This is true both because there has been no usurpation or abuse of power and because there exist other adequate remedies. Thus, when jurisdiction is clear, an erroneous decision in ruling on the sufficiency of the petition or complaint or on a motion to dismiss, or on matters of defense, or in rendering judgment, is not ground for a writ of prohibition."

We held in Heading I, *supra,* that the Union circuit court has jurisdiction. These items (b), (c), (d), and (e) relate only to matters which petitioner claims to be errors or irregularities. We do not pass on such contentions in a proceeding for prohibition, as petitioner's remedy

by appeal is adequate in this case. See *Finley* v. *Moose,* 74 Ark. 217, 85 S. W. 238, 109 Am. St. Rep. 74. Even when the existence of jurisdiction depends on contested questions of fact which the inferior court is competent to decide, a writ of prohibition will not be granted where the remedy of appeal is adequate. See *M. & P. Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421; *Roach* v. *Henry,* 186 Ark. 884, 56 S. W. 2d 577; and *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. 2d 1030.

We think it unnecessary to consider at length the question of misjoinder (item (a) of this Heading II), which was one of the points urged by the petitioner herein. The complaint alleged that the plaintiffs were laborers having claims against the petitioner for alleged unpaid wages under the contract. If a separate action had been brought by each of the 59 claimants, the actions could have been consolidated under §§ 1288-9, Pope's Digest. In *Holcomb* v. *American Surety Co.,* 184 Ark. 449, 42 S. W. 2d 765, we held that such claims could be brought in one action in the first instance.

The petition for writ of prohibition is denied, and the temporary writ is quashed.