H. B. Deal & Co. v. Bolding.

5-774                                    283 S. W. 2d 855

Opinion delivered November 21, 1955.

*Jabe Hoggard, Leo F. Laughren* and *Elliott D. Levey*, for appellant.

*Melvin E. Mayfield, Stein & Stein* and *Surrey E. Gilliam,* for appellee.

MINOR W. MILLWEE, Associate Justice.  Appellees, hereinafter called plaintiffs, are 15 laborers and mechanics who were employed by either or both the appellants, H. B. Deal & Company, Inc., and McGraw Construction Company, Inc., hereinafter designated as defendants, in the construction of the Ozark Ordnance Works at El Dorado, Arkansas, at various times in the years 1942 and 1943.  The construction was under a fixed-fee written contract between the H. B. Deal & Company as principal contractor and the United States of America, which required said company and its subcontractors to pay all laborers and mechanics on the job at a rate of not less than one and one-half times the basic rate of pay for all hours worked by them in excess of eight hours in any one calendar day.  The defendant, McGraw Construction Co., operated under a written subcontract with H. B. Deal & Company in the construction of the government facility.

On April 12, 1943, part of the plaintiffs brought an action against the McGraw Company to recover overtime pay for work done at various times in the construction project over the period in question.  A similar action was brought by the other plaintiffs against both defendants on December 16, 1946.  The two cases were eventually consolidated for trial before the circuit judge sitting as a jury.  In response to certain interrogatories filed by plaintiffs the court required defendants to set out the number of hours each plaintiff worked each day

and the amount of money paid each plaintiff at each weekly pay period as disclosed by the original time records. The information so furnished was accepted as true by most of the plaintiffs and formed the basis for the judgments rendered in their favor. Other plaintiffs offered independent proof of the number of hours worked each day in conflict with the time records. After taking the cases under advisement the court rendered separate judgments in each case for the several plaintiffs in varying amounts on November 16, 1954.

The first assignment of error relates to the applicable statute of limitations. It is urged that the trial court erred in sustaining plaintiffs' demurrer to that part of the defendants' answers which pleaded the three-year statute of limitations [Ark. Stats., § 37-206] as a bar to the actions. Both actions were filed within five years, but not within three years, of the last work performed by the plaintiffs. Thus, the effect of the court's action was to sustain plaintiffs' plea that the actions were based on a written contract and controlled by Ark. Stats., § 37-209, which provides that all actions on written contracts shall be instituted within five years after the cause of action accrues.

The actions by plaintiffs are on the written contract between the United States Government and H. B. Deal & Company for the construction of the ordnance plant, and particularly Art. 10, Sec. 2, thereof which reads: "The Constructor shall compensate laborers and mechanics for all hours worked by them in excess of eight hours in any one calendar day at a rate not less than one and one-half times the basic rate of pay of such laborers and mechanics and shall include a stipulation in each subcontract that laborers and mechanics will be paid at a rate not less than one and one-half times their basic rate of pay for all hours worked by them in excess of eight hours of any one calendar day." A copy of this contract was made a part of the subcontract between the defendants under which the McGraw Company, as subcontractor, assumed all the obligations placed on the

Deal Company by the principal contract with reference to hours and rate of pay of the workmen. In *H. B. Deal & Co., Inc.* v. *Marlin, Judge,* 209 Ark. 967, 193 S. W. 2d 315, we held that the foregoing provision was placed in the contract for the benefit of the laborers who were entitled to maintain an action thereon as third party beneficiaries. Again in *H. B. Deal & Co., Inc.* v. *Head,* 221 Ark. 47, 251 S. W. 2d 1017, we affirmed a judgment in favor of plaintiff laborers for overtime pay in an identical action based on this provision of the written contract.

Defendants argue that the instant actions are either founded on separate oral contracts of employment, or, that said written contract was in legal effect oral because it was necessary to introduce parol evidence to identify the parties and maintain the action. The case of *Kordewick* v. *Indiana Harbor Belt R. Co.,* 7 Cir., 150 Fed. 2d 753, supports this contention although it was based upon a different type labor contract between a union and a management committee. The court held that under Illinois law there was no written contract within the meaning of a ten-year statute of limitations unless the parties thereto could be ascertained from the instrument itself. This holding is in conflict with the rule generally followed in those jurisdictions where the question has arisen. Actions by third persons based on written contracts which are made for their benefit are generally held to be within the statute of limitations governing actions on written contracts. 53 C. J. S., Limitation of Actions, § 60; 34 Am. Jur., Limitation of Actions, § 91.

In *Stover* v. *Winston Bros. Co.,* 185 Wash. 416, 55 P. 2d 821, there was involved a written contract between a city and a contractor for the construction of a dam at a fixed wage scale. In a laborer's action against the contractor for the difference in wages actually paid and wages specified in the third party written contract, the court held that it was not essential that the plaintiff be named in the contract or that his identity be ascertained at the time the contract is made so long as he is one of the class for whose benefit the contract is made. This is

the effect of our own holding in the previous Deal cases, *supra*. See also, *Moore* v. *Illinois Central R. Co.*, 180 Miss. 276, 176 So. 593; *Union Pac. R. Co.* v. *Olive*, 9 Cir., 156 Fed. 2d 737; *Bogart* v. *George K. Porter Co.*, 193 Cal. 197, 223 P. 959, 31 A. L. R. 1045. These cases are in line with the general rule to the effect that the necessity of introducing evidence extrinsic to a written contract to identify a party named therein, to show performance, or to establish the amount of money to which plaintiff is entitled under such contract where there is an obligation to pay some amount, does not render inapplicable a statute of limitations pertaining to written contracts. See Anno: 129 A. L. R. 603 and cases there cited. The fact that oral proof was required to identify plaintiffs as third party beneficiaries under the written contract and to establish the amount due each thereunder does not prevent the five-year statute of limitations [Ark. Stats., § 37-209] from applying here. It follows that the trial court correctly sustained plaintiffs' demurrer to defendants' plea of the three-year statute as a bar to the actions.

Defendants next say there was an accord and satisfaction of the claims sued upon by reason of plaintiffs' endorsement of weekly pay checks upon the back of which was printed: "Endorsement of this check by payee constitutes receipt in full of the sum appearing under the heading of 'net amount due' for wages covering the period and the class of work performed on the face of this check." It should first be noted that the endorsement in question does not provide that it is in full satisfaction of all claims of the payee, as is usually the situation in those cases upon which defendants rely. Moreover, it is also undisputed that defendants did not purport to make the payments represented by said checks in full satisfaction of their claims for overtime pay under the written contract. According to the pleadings and proof, plaintiffs accepted the checks without any knowledge of the provisions of the written contract relating to overtime pay while such provision was at all times well known to defendants, who failed to apprise plaintiffs thereof or to post a copy of said contract at

the work site as required under its terms. According to the endorsement recital, it is a receipt for certain sums appearing on the faces of the checks. None of the checks were introduced but it is undisputed that the sums stated on the face thereof did not purport to cover overtime pay and that plaintiffs did not accept them in satisfaction of their claims for overtime labor under the provisions of the written contract. Since there was no controversy as to the sums appearing on the face of the checks which were not received in satisfaction of the claims for overtime pay, the trial court correctly refused to hold there had been an accord and satisfaction by reason of the endorsement. *McGehee* v. *Cunningham*, 181 Ark. 148, 25 S. W. 2d 449.

Defendant, H. B. Deal & Co., next insists that the court erred in rendering judgment against it in favor of the plaintiffs, Bolding and Purifoy, for overtime wages earned during a period when each was employed by defendant, McGraw Construction Co. Aside from the fact that this question was not raised below, it appears that defendant, H. B. Deal & Co., failed to include a provision for overtime pay in the subcontract with McGraw Construction Co. as required by the principal contract with the U. S. Government. H. B. Deal & Co. will be reimbursed by the U. S. Government for any judgments against it herein. Of course, plaintiffs can have only one satisfaction of their respective judgments and, under all the circumstances, we cannot say the court erred in rendering judgment against both defendants for overtime wages earned during the periods in question.

It is next argued that the trial court did not have jurisdiction of the person of the intervenor, Glendel Cloud. The record reflects that Oliver L. Cloud was a plaintiff in the original action against H. B. Deal & Co. and that summons was duly served on said defendant. Thereafter, Cloud made an oral assignment of said claim to his wife, Glendel, prior to his death in February, 1951. Mrs. Cloud then intervened in the action as assignee of

her deceased husband's claim and counsel for defendant was notified by registered letter of such intervention and received a copy thereof. There was no dispute as to the amount of the claim and the only purpose of the intervention was to substitute the widow as plaintiff instead of her deceased husband. H. B. Deal & Co. is a non-resident corporation and contends that it was necessary that a copy of a summons upon the intervention be served upon the Secretary of State in compliance with Ark. Stats. § 27-340 in order to acquire jurisdiction over the person or intervenor. Counsel overlook the fact that the intervention did not involve a new cause of action or an independent proceeding. It is only where a supplemental pleading asserts a new cause of action that it is incumbent upon a plaintiff to obtain a new service of process. *Nance* v. *Flaugh,* 221 Ark. 352, 253 S. W. 2d 207. No new cause of action resulted from the filing of the instant intervention.

Defendant Deal & Company also contends the court erred in rendering judgment in favor of plaintiff Hawk because of insufficient evidence to show that he worked more than eight hours a day. While Hawk accepted the time record as showing the dates he worked, he denied that it correctly showed the number of hours worked. He repeatedly testified that he worked at least 10 hours every day during the periods in question. This was substantial evidence and sufficient to support the judgment of the trial court sitting as a jury.

There was no error in allowing 6% interest on the amount found owing to each plaintiff from the date of his last work to the date of judgment. In their argument to the contrary, defendants say the long delay in the trail of the case was due to the fault of the plaintiffs. The record clearly reflects that the delay was occasioned by a number of circumstances, including the filing of numerous motions and other pleadings over a long period by both sides. Defendants did not file their answers until January, 1954, and the cases were tried at the next term of court five months later. It also appears that

counsel on both sides and the court deemed it advisable to await the outcome of some cases pending in other appellate courts which involved some questions also raised in the instant cases before proceeding with the trial. Defendants did not request an earlier hearing and stipulated that no objection was ever made to the trial court's method of handling the cases. In *Lyle* v. *Latourette,* 209 Ark. 721, 192 S. W. 2d 521, relied on by defendants, we held that when interest once begins to run on a claim, it continues to run pending decision by the courts, if the delay is not the fault of either party. The record here does not warrant a finding that the delay was due to plaintiffs' fault.

Defendant, McGraw Construction Co., contends the court erred in rendering judgment in favor of intervenor, Lora Hodnett, because a written assignment of the claim of her deceased husband showed it was against H. B. Deal & Co. There is no dispute in the amount of said claim nor that the work was done for the McGraw Company. Mrs. Hodnett testified that her husband made an oral gift of his claim to her prior to his death in June, 1951. In drafting a written assignment of the claim as previously directed by the husband, counsel inadvertently and erroneously described the claim as one "against H. B. Deal & Co., Inc." Even if the written assignment was ineffective to bind the McGraw Company in the circumstances, there was substantial evidence to support a finding that intervenor was the lawful owner of her deceased husband's claim under an oral gift.

The judgments are affirmed.