HELMERICH v. BUTT, CHANCELLOR.

5-2559                                                    348 S. W. 2d 878

Opinion delivered September 11, 1961.

*Duty & Duty,* and *William R. Horkey,* for petitioner.

*Little & Enfield* and *E. J. Ball,* for respondent.

ED. F. McFADDIN, Associate Justice. This is an original proceeding in this Court, seeking to prohibit the Benton Chancery Court from enforcing its decree.

Messrs. Simpson and Lowrance filed Suit No. 5543 in the Benton Chancery Court seeking to obtain a deed

from Mrs. Helmerich. The trial of the case of *Simpson and Lowrance* v. *Helmerich* (No. 5543) was concluded on June 29, 1961; and the Chancellor announced his opinion, to the effect that the attorneys for the opposing sides would make certain calculations of interest and determine the correct amount that Simpson and Lowrance should pay; and that if such amount should be paid "on or before 20 days," then Mrs. Helmerich should make a deed to Simpson and Lowrance. The said calculations were made, and on July 3, 1961 the Chancellor signed the decree which was entered on that date; on July 21st Simpson and Lowrance paid the stated amount into the Registry of the Court, and on July 27th the Court ordered Mrs. Helmerich to make the deed upon penalty of being in contempt. At the hearing on July 27th, it was the holding of the Chancery Court that the twenty days for tender ran from July 3rd and not from June 29th.

On July 31, 1961 Mrs. Helmerich filed this petition for Writ of Prohibition. She claims that the decree was effective on June 29, 1961; that the tender was not made until July 21st, which was more than the twenty days allowed by the decree; that the trial on June 29th was at the April Term; that the July Term of Court commenced on July 3rd; and that the Court could not, on July 3rd, extend the time of tender beyond July 20th, being the twentieth day after the trial date of June 29th; and that the tender on July 21st was one day too late.

We deny the petition for prohibition, because it is apparent that Mrs. Helmerich is attempting to use prohibition as a substitute for appeal. In *H. B. Deal & Co.* v. *Marlin,* 209 Ark. 967, 193 S. W. 2d 315, we quoted from 42 Am. Jur. 165, "Prohibition," § 30:

" 'It is the universal rule that mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to the extraordinary remedy by prohibition, and that a writ of prohibition never issues to restrain a lower tribunal from committing mere error in deciding a question properly

before it; or, as it has sometimes been said, the writ of prohibition cannot be converted into, or made to serve the purpose of an appeal, writ of error, or writ of review to undo what already has been done. This is true both because there has been no usurpation or abuse of power and because there exist other adequate remedies. Thus, when jurisdiction is clear, an erroneous decision in ruling on the sufficiency of the petition or complaint or on a motion to dismiss, or on matters of defense, or in rendering judgment, is not ground for a writ of prohibition.' "

In *Lowery* v. *Steel,* 215 Ark. 240, 219 S. W. 2d 932, we quoted from an earlier case:

" 'The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; that it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Order of Railway Conductors of America* v. *Bandy, Judge,* 177 Ark. 694, 8 S. W. 2d 448, and cases cited.' *Merchants & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421, and 'The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction.' *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13.' "

Prohibition is not to be used as a substitute for an adequate remedy of appeal. Whether the date of the decree was June 29th or July 3rd is a disputed question. The Trial Court held on July 27th that the twenty days for tender ran from July 3rd rather than from June 29th. If the Court was in error, such ruling may be corrected on appeal. Mrs. Helmerich's counsel say that she must proceed by prohibition because she will be in contempt of the Benton Chancery Court if she does not execute the deed; and if she does execute the deed, she will be unable to prosecute an appeal. We see no such

hardship on Mrs. Helmerich because she has an alternative course. She gave timely notice of appeal from the decree against her. The Chancery Court set the date requiring her to execute the deed far enough in advance to allow her to yet file the decree in this Court and obtain a temporary stay under § 22-200, Ark. Stats., until we may decide the appeal on its merits. That procedure should be pursued by her rather than this attempted petition for prohibition.

Therefore, the petition for prohibition is denied, without prejudice to Mrs. Helmerich's right to prosecute her appeal.

BOHLINGER, J., not participating.