HELMERICH *v.* LOWRANCE.

5-2593
359 S. W. 2d 447

Opinion delivered June 4, 1962.

[Rehearing denied September 10, 1962.]

*William R. Horkey,* Tulsa, Okla., and *Jeff Duty,* for appellant.

*Little & Enfield,* for appellee.

PAUL WARD, Associate Justice. On June 7, 1960 appellees, Dan Simpson and Ed M. Lowrance, filed a suit in chancery court against appellant, Mrs. Cadijah C. Helmerich, to require her to execute to them a deed conveying 940 acres of land in Benton County known as the "River Bend Ranch". On June 29, 1961, after a lengthy hearing, a decree was entered in favor of appellees wherein the trial court ordered appellant to deliver a deed to appellees upon their paying the required amount within 20 days. (For more details see *Helmerich v. Butt, Chancellor,* decided September 11, 1961, 233 Ark. 795, 348 S. W. 2d 878.) In appealing from the above decree appellant relies on only one point for a reversal, viz: "The trial court erred in decreeing the right of appellees to redeem . . ."

In order to better understand the reasons which prompted the chancellor's decision and also the basis of appellant's contentions of error, it should be helpful to summarize the several transactions and agreements between the parties which culminated in the present litigation, the non-essential facts being omitted.

On January 13, 1954 appellant contracted to sell and appellees agreed to buy the said land for the price of $62,442.40. Appellees paid $6,942.40 in cash and were to pay the balance in yearly installments of $5,000 each, beginning in one year, with interest at 5%. Appellees were placed in possession, and the deed and abstracts

were to be held in escrow. Apparently appellees failed or were unable to make the 1955 payment on time and appellant promptly filed suit to foreclose appellees' equity in the contract.

Only a few days after the above mentioned suit was filed it appears that the parties entered into an agreement, or at least expressed a desire, that they could proceed under the original contract, and appellees agreed, within 6 months, to construct on the land a dairy barn at a cost of about $4,000, to pay back taxes, insurance premiums, and to continue regular payments. However, notwithstanding this agreement, there was a commissioner's sale and appellant bought the property for $30,100. It is appellee's testimony that they talked with appellant a few days before the commissioner's sale; that they asked her to hold up or postpone the sale; that she refused to do so, but that she agreed to let them pay off the balance due on the land over an extended period provided they (appellees) would pay $5,000 down and give her a mortgage on certain cattle.

Following the above, on May 1, 1956, appellant and appellees entered into a lengthy written agreement relative to appellees' rights to pay the balance due on the land. This written agreement was supplemented by other written agreements and memorandums later. We think it would serve no useful purpose to set out the details of these agreements because we are convinced they all amount to an agreement on the part of appellant to convey the lands in question to appellees provided they paid the balance due under the original agreement of January 13, 1954 together with accrued costs, taxes, insurance, and accumulated interest. The fact is that appellant does not here challenge the above, or that appellees did offer to make full payment of the balance of the purchase price. It is, however, as previously stated, appellant's sole contention that appellees had no right of redemption, but that their right of redemption was extinguished by the foreclosure suit brought by appellant in 1955 and later by the commissioner's sale. We think appellant's contention is untenable and must be rejected.

A contention similar to the one here made by appellant was rejected in the case of *Baugh* v. *Taylor,* 184 Ark. 545, 42 S. W. 2d 992, where the issue arose out of facts similar to the facts in this case. In that case there had also been a foreclosure by the mortgagee (Taylor) and a commissioner's deed to him. There, also, appellant and appellee entered into an agreement whereby appellant could repurchase the land. The trial court denied appellant the right to redeem under the terms of the agreement. In reversing the trial court, this Court, among other things, said:

". . . we are convinced that the option contract was in effect a new mortgage. It had practically all the characteristics of a mortgage. It carried the same indebtedness and bore the same rate of interest as the old indebtedness and costs of the foreclosure and appellee's attorney's fees. \* \* \* The relationship of mortgagor and mortgagee between appellant and appellee Taylor concerning the property in question was created by the option contract, which necessarily let in the equity of redemption after default in payment."

In the case under consideration the several agreements clearly show the relationship of mortgagor and mortgagee existed between appellant and appellees.

Much the same issue presented here was considered in the case of *Jackson* v. *First National Bank of El Dorado,* 195 Ark. 648, 113 S. W. 2d 714, where the mortgagee had foreclosed and then agreed to let the mortgagor repurchase. In upholding the mortgagor's right to redeem under the agreement this Court quoted with approval from Jones on Mortgages the following:

" 'Redemption may be had after foreclosure if the mortgagee or other holder of the title recognizes the mortgage as a continuing obligation. . . . Where the mortgagee either directly or indirectly receives a part of the mortgage debt after the time for redemption has expired, the mortgagor may redeem upon payment of the balance due.' "

Following the above, the Court in the *Jackson* case made a statement which seems to indicate the basic reason for the conclusion reached, and we think it is partially applicable to the case under consideration. It said:

"In the instant case appellants might have resisted the foreclosure or might have objected to the confirmation, or might have secured other persons to bid."

In this case it is certainly reasonable to assume, if appellees had not relied upon the several agreements heretofore mentioned, that they would have tried to procure someone besides appellant to bid at the commissioner's sale, that they would not have erected a dairy barn on the land, and that they would not have sold their cattle in an effort to pay the balance of the purchase price.

It is therefore our conclusion that the trial court's decree accords with both the law and equity and it is hereby affirmed.

Affirmed.