HELMERICH *v.* SIMPSON.

5-3008                                    370 S. W. 2d 45

Opinion delivered May 20, 1963.

[Rehearing denied September 9, 1963.]

*William R. Horkey,* Tulsa, Okla., *Jeff Duty,* for appellant.

*Little & Enfield, E. J. Ball,* for appellee.

GEORGE ROSE SMITH, J. In 1960 the appellees brought suit against the appellant, seeking to have a refinancing agreement declared to be in fact a mortgage. The case was tried on June 29, 1961. At the end of the hearing the chancellor announced his decision in favor of the plaintiffs and allowed twenty days within which they might redeem the land, by paying the debt with interest. The chancellor made a docket entry summarizing his decision, but he stated orally that the interest would have to be calculated by counsel.

The necessary calculations were made promptly, and a final decree was prepared. It was signed and dated by the chancellor on July 3, 1961, which was the first day of a new term of court. The decree allowed the debtors twenty days in which to redeem their property by paying the sum of $51,779.19, plus interest from the date of the decree. It was further provided that if the plaintiffs failed to redeem the property the lien would be foreclosed, and a commissioner was appointed to sell the land at public auction.

The plaintiffs paid the required amount of money into the registry of the court on July 21, 1961. The defendant refused to accept the tender and took an appeal. We affirmed the decree upon the only issue that was argued, holding that the chancellor was right in declaring the refinancing agreement to be a mortgage. *Helmerich* v. *Lowrance,* 235 Ark. 280, 359 S. W. 2d 447.

After our affirmance the plaintiffs asked the chancellor to enforce his decree by contempt proceedings. The defendant contended that the deposit in the registry of the court on July 21 had come too late, since it was more than twenty days after the chancellor announced his decision on June 29. The trial court rejected this contention, holding that the twenty days ran from the entry of the formal decree on July 3. This is an appeal from a decree vesting the title in the plaintiffs and declaring the mortgage debt to be satisfied in full.

The appellant now argues that the original decree, granting twenty days for redemption, was rendered on June 29, that the chancellor was without power to extend the time after the term of court had lapsed, and that therefore the court was without jurisdiction to enforce an offer of redemption made more than twenty days after June 29, 1961.

This argument is unsound. In the first place, the issue is *res judicata.* The plaintiffs, three days after having paid the money into court, filed a petition asking that their right of redemption be enforced. The appellant resisted the petition upon the precise ground now urged—that the deposit had come too late. On July 27, 1961, the chancellor specifically found that the twenty-day period ran from July 3, the date of the formal decree. The defendant filed a notice of appeal from this order and also sought a writ of prohibition. In denying the application for prohibition we said: "Prohibition is not to be used as a substitute for an adequate remedy of appeal. Whether the date of the decree was June 29th or July 3rd is a disputed question. The Trial Court held on July 27th that the twenty days for tender ran from July 3rd rather than from June 29th. If the Court was in error,

such ruling may be corrected on appeal." *Helmerich* v. *Butt,* 233 Ark. 795, 348 S. W. 2d 878. Thus the appellant was warned that the issue should be raised by appeal. Yet, despite the fact that notice of appeal had been given both with respect to the decree of July 3 and the order of July 27, the question decided by the latter order was not argued upon the first appeal. Under our settled rule the affirmance was conclusive not only of the issues presented but also of those that might have been presented. *Storthz* v. *Fullerton,* 185 Ark. 634, 48 S. W. 2d 560.

Secondly, the appellant's contention is not sound upon its merits. The Benton Chancery Court had in effect a standing order that provided in substance that docket entries would be effective only until superseded by the formal decree, which would then constitute the order of the court. In the same vein, the chancellor's oral decision of June 29 was known to be incomplete, since the amount of the interest due had still to be computed. The parties certainly knew that the court's final word was being deferred until the preparation and approval of the decree. In the circumstances we think the court had the power to act even in the new term. See *Wright* v. *Ford,* 216 Ark. 55, 224 S. W. 2d 50.

Affirmed.