James SWINK, Jr. *v.* ERNST & YOUNG, d/b/a
Richard J. Shelton, Jr.

95-234                                    908 S.W.2d 660

Supreme Court of Arkansas
Opinion delivered November 13, 1995

*Donna J. Wolfe*, for appellant.

*J. Andrew Heaton* and *Friday, Eldredge & Clark*, by: *William H. Sutton, Kevin A. Crass*, and *Jonann C. Roosevelt*, for appellee.

TOM GLAZE, Justice. In this appeal, appellant James Swink, Jr., contends the trial court erred in granting the Ernst & Young accounting firm's ARCP Rule 12(b)(6) motion to dismiss Swink's complaint. On February 2, 1994, Swink, Jr., brought this suit individually, but his allegations and request for damages were based upon a 1985 contract between Swink & Company, Inc., and Ernst & Young. Under that contract, Ernst & Young agreed to examine, report, review, and submit annual financial statements, schedules, audits, and federal and state income tax returns

in accordance with generally accepted auditing standards and SEC requirements.[1] Although not named as a party in the contract, Swink, Jr., asserted that, as management head of Swink, Inc.'s municipal bond department, he suffered compensatory losses as a result of an inaccurate audit submitted by Ernst & Young for the year ending December 31, 1988. Swink, Jr., further alleged his personal damages were caused by Ernst & Young's breach of contract, negligence and misrepresentation.[2] Swink, Jr., alternatively alleged he was a third-party beneficiary of Swink, Inc.'s contract with Ernst & Young, and was entitled to damages under this status as well.

Based upon Rule 12(b)(6), Ernst & Young moved to dismiss Swink, Jr.'s, complaint, and the trial court granted the motion with prejudice. In doing so, the trial court stated that, under Arkansas law, Ark. Code Ann. § 16-114-302 (Supp. 1993), an accountant is not liable to persons not in privity of contract with the accountant except in cases where fraud or intentional misrepresentation is shown. The trial court concluded Swink, Jr.'s, complaint and accompanying exhibits reflected that his request for personal damages should fail because no privity existed between him and Ernst & Young. The trial court also held that § 16-114-302 precluded Swink, Jr.'s negligence and third-party beneficiary claims.[3] And finally, it decided Swink, Jr.'s misrepresentation claim was barred by Arkansas's three-year statute of limitation. The trial court found Swink, Jr. either knew or should have known of any misrepresentation made by Ernst & Young as early as 1989, yet waited five years to file suit.

We first address Swink, Jr.'s argument that § 16-114-302 does not preclude his claims against Ernst & Young. That statute reads as follows:

> No person, partnership, or corporation licensed or authorized to practice under the Public Accountancy Act

---

[1] Arthur Young and Co. originally entered into this contract, but later that firm merged with another company and became known as Ernst & Young.

[2] Swink, Jr., also alleged breach of fiduciary relationship, but abandoned that claim at the trial level.

[3] Swink, Jr., chose not to raise on appeal the lower court's ruling on his negligence claim.

of 1975, § 17-12-101 et seq., or any of its employees, partners, members, officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by such person, partnership, or corporation, except for:

(1) Acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations; or

(2) Other acts, omissions, decisions, or conduct if the person, partnership, or corporation was aware that a primary intent of the client was for the professional services to benefit or influence the particular person bringing the action. For the purposes of this subdivision, if the person, partnership, or corporation:

(A) Identifies in writing to the client those persons who are intended to rely on the services, and

(B) Sends a copy of the writing or similar statement to those persons identified in the writing or statement,

then the person, partnership, or corporation or any of its employees, partners, members, officers, or shareholders may be held liable only to the persons intended to so rely, in addition to those persons in privity of contract with such person, partnership, or corporation.

It is undisputed that Swink, Jr.'s name does not appear in the original contract between Swink, Inc., and Ernst & Young; nor was Swink, Jr., actually named in any subsequent audit documents and reports. However, he points out that two audit reports submitted by Ernst & Young reflect they were intended for the SEC, and Swink, Inc., and its "management." As a management head in Swink, Inc., Swink, Jr., claims he was in privity of contract with Ernst & Young, and therefore not barred by the terms of § 16-114-302. Swink, Jr.'s argument is meritless.

First, privity of contract is defined as that connection or relationship which exists between two or more contract-

ing parties. *Black's Law Dictionary* 5th Ed., page 1079. Swink, Jr., was not one of the contracting parties, and in that respect, he clearly was not in privity of contract with Ernst & Young.

Nonetheless, Swink, Jr., claims that under Arkansas law contracts made for the benefit of a third party are actionable by that party, and so long as Swink, Jr., is identified as one of *the class* for whose benefit the Ernst & Young/Swink, Inc., agreement was made, he succeeds to the benefits or rights intended under that agreement.

Swink, Jr., relies in part on the case of *H. B. Deal & Co.* v. *Bolding*, 225 Ark. 579, 283 S.W.2d 855 (1955), where contractor Deal & Co. entered into an agreement with the United States of America to construct a government facility. Under that contract, Deal and its subcontractors were required to pay all laborers and mechanics based upon a set rate. Fifteen laborers and mechanics brought suit under the agreement, alleging Deal and another contractor had failed to pay at the prescribed rate. The *Deal* court first noted its earlier decision of *H. B. Deal & Co., Inc.* v. *Marlin Judge*, 209 Ark. 967, 193 S.W.2d 315 (1946), where it held the compensation and pay-rate provision in the construction contract was placed there for the benefit of the laborers and mechanics who were entitled to maintain an action thereon as third-party beneficiaries. The *Deal* court then concluded that it was not essential that the plaintiffs (laborer or mechanic) be named in the contract or his identity be ascertained at the time the contract is made, so long as he was one of the class for whose benefit the contract is made. *H. B. Deal & Co.*, 225 Ark. at 582, 283 S.W.2d at 858.

The contract before us now stands in sharp contrast to the one in *Deal*. While Ernst & Young plainly contracted to bring to management's attention opportunities for economies in or improved controls over Swink, Inc.'s operations, the Swink, Inc./Ernst & Young contract and its use of the term "management" in no way reflects an intent that Swink, Jr., would personally benefit from the parties' agreement.

Swink, Jr.'s third-party beneficiary argument also conflicts with the provision and terms contained in § 16-114-302. While it can generally be said that an accountant may be liable to a

contracting client for any breach of contract in the rendering of professional services, § 16-114-302 proscribes extension of that liability to persons not in privity of contract. Section 16-114-302 provides only two exceptions: (1) where an accountant is shown to have committed fraud or an intentional misrepresentation or (2) if the accountant was aware that a primary intent of the contracting client was to benefit or influence the person who later brings suit against the accountant. To extend liability in this second instance, the accountant must have (1) identified in writing those persons who are intended to rely on the services, and (2) sent a copy of that writing or statement to those identified persons. § 16-114-302(2).

■ Here, Ernst & Young indisputably never identified Swink, Jr., in writing, or otherwise, as a person who was intended to rely on the accounting firm's services. Nor did Swink, Jr., allege in his complaint that Ernst & Young sent him a copy of a statement announcing such intent. Because Swink, Jr., was not in privity of contract with the Ernst & Young/Swink, Inc. agreement, and did not qualify as a third-party beneficiary or fall within a contract exception under § 16-114-302(2), we must affirm the trial court's ruling on this first point.

We next consider Swink, Jr.'s argument that the trial court erred in ruling Swink, Jr.'s misrepresentation claim is barred by the three-year statute of limitations. He contends that the statute of limitations commenced from the date he discovered or should have discovered Ernst & Young's fraud or misrepresentation, but the complaint does not reflect that date. He asserts it is error for a trial court to grant a motion to dismiss because of a statute of limitations when facts not in the record must be developed.

■■ Swink, Jr., is mistaken in stating the limitations statute began when he discovered (or should have discovered) Ernst & Young's purported misrepresentation. Arkansas follows the rule that the limitations period in professional malpractice cases begins to run when the wrongful acts occur, not when they are discovered. *See Ford's Inc. v. Russell Brown & Co.*, 299 Ark. 426, 773 S.W.2d 90 (1989). This court has also held that, as to fraud or misrepresentation, mere ignorance of one's rights does not prevent the running of the statute of limitations or laches, unless such ignorance is due to fraudulent concealment or mis-

representation on the part of those invoking the benefit of the statute. *Dupree* v. *Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856 (1989). Here, Swink, Jr., did not allege any concealment on Ernst & Young's part, and since the alleged misrepresentations of Ernst & Young occurred in its 1989 reports, the trial court correctly ruled the applicable three-year statute of limitations barred Swink, Jr.'s claim filed in 1994.

Finally, Swink, Jr., argues that, even if we uphold the trial court's rulings on the foregoing points, the trial court still erred by dismissing Swink, Jr.'s complaint with prejudice. We agree.

■ This court has repeatedly held that, when a trial court dismisses a complaint for failure to state facts upon which relief can be granted under A.R.C.P. Rule 12(b)(6), the dismissal is without prejudice. *Hubbard* v. *Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993); *Hollingsworth* v. *First Nat'l Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993); *McKinney* v. *City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992); *Spires* v. *Members of the Election Comm'n*, 302 Ark. 407, 790 S.W.2d 167 (1990); *Ratliff* v. *Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984). The plaintiffs then have the election either to plead further or to appeal. *Id.*

■ Ernst & Young suggests Swink, Jr., should have requested the trial court to remove the "with prejudice" language, since he could have easily done so when he had the trial court delete a sentence from its original order. Swink, Jr., on the other hand, contends the trial court's dismissal order with prejudice precluded his right to plead further and left him with only his option to appeal. He further asserts no authority exists that required him to ask the trial court's order be modified or corrected before deciding to appeal. Swink, Jr., is correct. We see no significant difference here from the situation in *Hubbard, supra*. In *Hubbard*, the trial court dismissed the plaintiff's complaint with prejudice under Rule 12(b)(6). This court pointed out when a trial court takes any action under Rule 12, the trial court is to notify the attorneys of that action, and if appropriate the court will designate a certain number of days in which the party is to be given to plead further. *Hubbard* v. *Shores Group, Inc.*, 313 Ark. at 504; *see* ARCP Rule 12(j). Like in *Hubbard*, the trial court did not offer Swink, Jr., the opportunity to plead

further, therefore we modify the dismissal to one without prejudice and remand.[4]

---

[4]We note Ernst & Young also argues Swink, Jr.'s contract claims sound primarily in tort and therefore are barred by the three-year statute of limitations. Apparently the trial court initially ruled to this effect but later deleted that ruling from its final order. Ernst & Young did not cross appeal on this point, and we choose not to consider this withdrawn ruling as yet another reason to affirm, especially since the abstract reflects the primary argument below focused on § 16-114-302 and the privity of contract issue.